*Order*

The plea of guilty is accepted. The Plea Agreement is approved.

Todd Campbell
U.S. District Judge
5-2-11

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) No. 3:10-cr-00195 |
| | ) JUDGE CAMPBELL |
| KENNETH B. SMITH | ) |

## PLEA AGREEMENT

The United States of America, through Jerry E. Martin, United States Attorney for the Middle District of Tennessee, and Assistant United States Attorney S. Carran Daughtrey, and defendant, Kenneth B. Smith, through defendant's counsel, Dumaka Shabazz, pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, have entered into an agreement, the terms and conditions of which are as follows:

### Charges in This Case

1. Defendant acknowledges that he has been charged in the indictment in this case with two counts of Attempted [see p5] Production of Child Pornography, in violation of Title 18, United States Code, Section 2251(a).

2. Defendant has read the charges against him contained in the indictment, and those charges have been fully explained to him by his attorney. Defendant fully understands the nature and elements of the crime with which he has been charged.

### Charge to Which Defendant is Pleading Guilty

3. By this Plea Agreement, defendant agrees to enter a voluntary plea of guilty to Count One of the indictment, charging Attempted [see p5] Production of Child Pornography, in violation of Title 18, United

States Code, Section 2251(a). After sentence has been imposed on Count One, to which defendant pleads guilty as agreed herein, the government will move to dismiss Count Two of the indictment.

### Penalties

4. The parties understand and agree that each of the offense to which defendant will enter a plea of guilty carries the following maximum penalties: a minimum of fifteen (15) years and a maximum of thirty (30) years of imprisonment; a fine of up to $250,000; and $100 special assessment. Pursuant to 18 U.S.C. § 3583(k), the authorized term of supervised release is any term of years not less than 5, or life, notwithstanding 18 U.S.C. § 3583(b). Defendant further understands that the Court must order restitution to the victims of the offense in an amount determined by the Court.

### Acknowledgments and Waivers Regarding Plea of Guilty

### Nature of Plea Agreement

5. This Plea Agreement is entirely voluntary and represents the entire agreement between the United States Attorney and defendant regarding defendant's criminal liability in case 3:10-cr-00195.

6. Defendant understands that by pleading guilty he surrenders certain trial rights, including the following:

(a) If defendant persisted in a plea of not guilty to the charges against him, he would have the right to a public and speedy trial. Defendant has a right to a jury trial, and the trial would be by a judge rather than a jury only if defendant, the government, and the Court all agreed to have no jury.

(b) If the trial were a jury trial, the jury would be composed of twelve laypersons

selected at random. Defendant and his attorney would have a say in who the jurors would be by removing prospective jurors for cause, or without cause by exercising so-called peremptory challenges. The jury would have to agree unanimously before it could return a verdict of either guilty or not guilty. The jury would be instructed that defendant is presumed innocent; that the government bears the burden of proving defendant guilty of the charges beyond a reasonable doubt; and that it must consider each count of the indictment against defendant separately.

(c) If the trial were held by the judge without a jury, the judge would find the facts and determine, after hearing all the evidence, whether or not the judge was persuaded of defendant's guilt beyond a reasonable doubt.

(d) At a trial, whether by a jury or a judge, the government would be required to present its witnesses and other evidence against defendant. Defendant would be able to confront those government witnesses and his attorney would be able to cross-examine them. In turn, defendant could present witnesses and other evidence on his own behalf. If the witnesses for defendant would not appear voluntarily, he could require their attendance through the subpoena power of the Court.

(e) At a trial, defendant would have a privilege against self-incrimination so that he could testify or decline to testify, and no inference of guilt could be drawn from his refusal to testify.

7. Defendant understands that by pleading guilty he is waiving all of the trial rights set forth in the prior paragraph. Defendant's attorney has explained those rights to him, and the consequences of his waiver of those rights.

## Factual Basis

8.     Defendant will plead guilty because he is in fact guilty of the charge contained in Count One of the indictment. In pleading guilty, defendant admits the following facts and that those facts establish his guilt beyond a reasonable doubt:

> As of April 2010, defendant Kenneth B. Smith was living in Poughkeepsie, New York. Defendant was utilizing a social networking site known as "airg.com," which is specifically for use with cellular telephones. A sixteen year old girl in Lawrence County, Tennessee had posted a profile that clearly and explicitly stated that she was (16) sixteen years of age. Smith sent the girl a "friend request" and she accepted him as a "friend." During the online communication with the sixteen year old, the defendant identified himself as Kenny Smith. He first told the girl that he was twenty years old and later stated he was twenty-five years old, although he actually was 50 years old at the time. The girl specifically stated that she was sixteen years old. Approximately a week to two weeks after the girl accepted the defendant's friend request, he began talking with her about sex and asked if he could send nude pictures of himself. Sometime on or about May 8, 2010, he began asking her for nude photographs of herself. She refused to provide the defendant with such photographs, making numerous excuses.
>
> During the online communication, the defendant told the girl numerous times that he intended to send her naked photographs of himself, and he ultimately mailed a letter to her at her home address in Tennessee. The letter contained six (6) pictures of the defendant, a white male, displaying his penis, including one photograph of him ejaculating. The defendant has distinctive tattoos on his arm, one of which appears to be a tattoo of an eagle's head on his forearm, which tattoos appear in the photographs. The sixteen year old girl received the letter sometime between May 10 and 14, 2010.
>
> Within a few days of the letter's arrival, the girl's mother found the opened letter and photographs in her daughter's room. The mother immediately pulled her daughter out of school and reported the incident to the Lawrence County Sheriff's Department.
>
> On May 19, 2010, Tennessee Bureau of Investigation Special Agent Joshua Melton met with the mother and daughter, who allowed Agent

4

Melton to observe communications between the defendant and the girl on airg.com. During these observed communications, the defendant identified himself as Kenneth Smith and stated that he lived at 28 Snow Terrace, Apartment 102, Poughkeepsie, NY 12601. Agent Melton received consent to assume the identity of the girl on "airg.com," and continued the conversation with the defendant in an undercover capacity, during which time the defendant again asked the girl to send sexually explicit photographs of herself to him. During this undercover conversation, Smith was told again that the girl was sixteen years of age. Even after being informed of this, Smith continued to request nude photographs of the girl performing sexual acts. Smith also stated that he intended to travel to see the girl and talked about engaging in specific sexual activity with the girl, suggesting that they include another girl. The undercover agent, acting as the girl, stated that she knew a 15 year old girl whom she went to school and who probably would engage in sexual contact with the two of them. Smith provided a telephone number and suggested that the fifteen year old girl could send text messages and sexually explicit photographs to him.

During the investigation to identify the identity of the defendant, agents discovered that the defendant had recently been released on parole after serving 28 years in prison for second degree murder. Smith never told the girl about his having served jail time.

This statement of facts is provided to assist the Court in determining whether a factual basis exists for defendant's plea of guilty and criminal forfeiture. The statement of facts does not contain each and every fact known to defendant and to the United States concerning defendant's and/or others' involvement in the offense conduct and other matters.

## Sentencing Guidelines Calculations

9.  The parties understand that the Court will take account of the United States Sentencing Guidelines (hereinafter "U.S.S.G."), together with the other sentencing factors set forth at 18 U.S.C. § 3553(a), and will consider the U.S.S.G. advisory sentencing range in imposing defendant's sentence. The parties agree that the U.S.S.G. to be considered in this case are those

effective November 1, 2010.

10. For purposes of determining the U.S.S.G. advisory sentencing range, the United States and defendant agree, pursuant to Rule 11(c)(1)(C), as follows:

    a. **Offense Level Calculations.**

        i. The base offense level for the each count of conviction is 32, pursuant to U.S.S.G. § 2G2.1(a). Two levels are added, pursuant to U.S.S.G. § 2G2.1(b)(6)(A) because defendant misrepresentated his age; and an additional two levels are added because of his use of airg.com on a cellular telephone, which qualifies the equipment as an "interactive computer service" pursuant to U.S.S.G. §2G2.1(b)(6)(B). The final level is 36.

        ii. Assuming defendant clearly demonstrates acceptance of responsibility, to the satisfaction of the government, through his allocution and subsequent conduct prior to the imposition of sentence, a 2-level reduction will be warranted, pursuant to U.S.S.G. § 3E1.1(a). Furthermore, assuming defendant accepts responsibility as described in the previous sentence, the United States will move for an additional one-level reduction pursuant to U.S.S.G § 3E1.1(b), because defendant will have given timely notice of his intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the government and the Court to allocate their resources efficiently.

    b. **Criminal History Category.** Based upon the information now known to the government (including representations by the defense), the defendant has been convicted of Second Degree Murder, for which he served 28 years in New York, until his release in October of 2009. Defendant was on parole at the time of this offense. Therefore, his Criminal History Category is III.

    c. **Anticipated Sentencing Range.** Therefore, based on the facts now known

6

to the government, the anticipated offense level is 33, which, combined with the anticipated Criminal History Category of III, would result in an anticipated recommended sentencing range of 168 to 210 months of imprisonment **(the "Anticipated Guidelines Range")** and a fine range of $17,500 to $175,000. The Court also may impose an additional fine amount to cover all or part of the costs of any term of incarceration and/or supervised release, as provided in U.S.S.G. § 5E1.2(d)(7).

<b><u>Agreements Relating to Sentencing</u></b>

11. This Plea Agreement is governed, in part, by Federal Rule of Criminal Procedure 11(c)(1)(C). That is, the parties have agreed that the sentence imposed by the Court shall include a term of imprisonment of 180 months, the mandatory minimum, in the custody of the Bureau of Prisons. The parties also have agreed to 5 years of supervision subsequent to any periods of incarceration. If the Court accepts and imposes the agreed term of incarceration, the defendant may not withdraw this plea as a matter of right under Federal Rule of Criminal Procedure 11(d). If, however, the Court refuses to impose the agreed term of incarceration set forth herein, thereby rejecting the Plea Agreement, or otherwise refuses to accept defendant's plea of guilty, either party shall have the right to withdraw from this Plea Agreement or to recommend whatever sentence it deems appropriate.

12. Defendant has been advised and understands that under the Sex Offender Registration and Notification Act, a federal law, defendant must register and keep the registration current in each of the following jurisdictions: the location of defendant's residence, the location of defendant's employment; and, if defendant is a student, the location of defendant's school. Registration will require that defendant provide information that includes name, residence address, and the names and addresses of any places at which defendant is or will be an employee or student. Defendant

understands that he must update his registrations no later than three business days after any change of name, residence, employment, or student status. Defendant understands that failure to comply with these obligations subjects defendant to prosecution for failure to register under federal law, 18 U.S.C. § 2250, which is punishable by a fine or imprisonment, or both.

13. With regard to supervised release, defendant understands and agrees that:

(a) Pursuant to Title 18, United States Code, Section 3583(k), defendant is subject to supervised release for a minimum of five years up to life. In this case, defendant agrees to be placed on supervised release for ~~life~~ 5yrs ~h.b.j. after any period of incarceration.

(b) Defendant shall participate in sex offender assessment and treatment. The defendant will comply with the requirements and recommendations of the treatment provider, which may include therapeutic polygraph examinations and abstinence from alcohol. The defendant shall contribute to the cost as determined by the U.S. Probation Office.

(c) Defendant will register as a sex offender with the appropriate authorities of any state in which he resides, is employed, or attends school, in compliance with Title 18, United States Code 2250(a).

(d) The defendant's residence and employment shall be pre-approved by the probation officer.

(e) The defendant shall not associate with children under the age of 18 nor frequent, volunteer, or work at places where children congregate (e.g., playgrounds, parks, malls, day-care centers or schools) unless approved by the probation officer. The defendant shall have no contact with [any prior victims or] any identified victims in the child pornography defendant collected.

8

(f) The defendant shall not possess, view, listen, purchase, or obtain any form of sexually stimulating material or sexually oriented material. The defendant shall not go to any adult entertainment establishment or other similar venues. The defendant shall not possess or use a device capable of creating pictures or video without the prior permission of the probation officer.

(g) The defendant shall not rent or use a post office box or storage facility.

(h) The defendant shall not possess or use a computer or any device with access to any "on-line computer service" at any location (including place of employment) without the prior written approval of the probation officer. This includes any Internet service provider, bulletin board system, or any other public or private network or e-mail system.

(i) The defendant shall consent to the U.S. Probation Office conducting unannounced examinations of the defendant's computer system(s) and any computer(s) to which the defendant has access. Examination of the computer system(s) includes internal/external storage devices, which may include retrieval and copying of all memory from hardware/software and/or removal of such system(s) for the purpose of conducting a more thorough inspection. The defendant will consent to having installed on the defendant's computer(s), any hardware/software to monitor computer use or prevent access to particular materials. The defendant will further consent to periodic inspection of any such installed hardware/software to ensure it is functioning properly. The defendant shall pay the cost of computer monitoring at the prevailing rate according to ability as determined by the probation officer.

(k) The defendant shall provide the U.S. Probation Office with accurate information about the defendant's entire computer system (hardware/software) and internal/external

9

storage devices; all passwords used by the defendant; and will abide by all rules regarding computer use and restrictions as provided by the U.S. Probation Office.

(l) The defendant shall submit his or her person, and any property, house, residence, vehicle, papers, computer, other electronic communication or data storage devices or media, and effects to search at any time, with or without a warrant, by any law enforcement or probation officer with reasonable suspicion concerning a violation of a condition of supervised release, or unlawful conduct by the person, and by any probation officer in the lawful discharge of the officer's supervision functions, as permitted by 18 U.S.C. § 3563(b)(23).

14. Defendant agrees to pay the special assessment of $100 at or before the time of sentencing with a check or money order payable to the Clerk of the U.S. District Court.

15. Regarding restitution, the defendant agrees to pay restitution in the amount to be determined by the Court at sentencing.

### Presentence Investigation Report/Post-Sentence Supervision

16. Defendant understands that the United States Attorney's Office, in its submission to the Probation Office as part of the Pre-Sentence Report and at sentencing, shall fully apprise the District Court and the United States Probation Office of the nature, scope, and extent of defendant's conduct regarding the charges against him, as well as any related matters. The government will make known all matters in aggravation and mitigation relevant to the issue of sentencing.

17. Defendant agrees to execute truthfully and completely a Financial Statement (with supporting documentation) prior to sentencing, to be provided to and shared among the Court, the United States Probation Office, and the United States Attorney's Office regarding all details of his financial circumstances, including his recent income tax returns as specified by the Probation

Officer. Defendant understands that providing false or incomplete information, or refusing to provide this information, may be used as a basis for denial of a reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1 and enhancement of his sentence for obstruction of justice under U.S.S.G. § 3C1.1, and may be prosecuted as a violation of Title 18, United States Code, Section 1001, or as a contempt of the Court.

18. This Plea Agreement concerns criminal liability only. Except as expressly set forth in this Plea Agreement, nothing herein shall constitute a limitation, waiver, or release by the United States or any of its agencies of any administrative or judicial civil claim, demand, or cause of action it may have against defendant or any other person or entity. The obligations of this Plea Agreement are limited to the United States Attorney's Office for the Middle District of Tennessee and cannot bind any other federal, state, or local prosecuting, administrative, or regulatory authorities, except as expressly set forth in this Plea Agreement.

## Waiver of Appellate Rights

19. Regarding the issue of guilt, defendant hereby waives all (i) rights to appeal any issue bearing on the determination of whether he is guilty of the crimes to which he is agreeing to plead guilty; (iii) rights to appeal the forfeiture; and (iii) trial rights that might have been available if he exercised his right to go to trial. Regarding sentencing, Defendant is aware that 18 U.S.C. § 3742 generally affords a defendant the right to appeal the sentence imposed. Acknowledging this, defendant knowingly waives the right to appeal the sentence. Defendant also knowingly waives the right to challenge the sentence imposed in any collateral attack, including, but not limited to, a motion brought pursuant to 28 U.S.C. § 2255 and/or § 2241. Such waiver does not apply, however,

to a claim of involuntariness, prosecutorial misconduct, or ineffective assistance of counsel. Likewise, the government waives the right to appeal the sentence.

## Other Terms

20.     Defendant agrees to cooperate with the United States Attorney's Office in collecting any unpaid fine and restitution for which defendant is liable, including providing financial statements and supporting records as requested by the United States Attorney's Office.

21.     Should defendant engage in additional criminal activity after he has pled guilty but prior to sentencing, defendant shall be considered to have breached this Plea Agreement, and the government at its option may void this Plea Agreement.

## Conclusion

22.     Defendant understands that the indictment and this Plea Agreement have been or will be filed with the Court, will become matters of public record, and may be disclosed to any person.

23.     Defendant understands that his compliance with each part of this Plea Agreement extends until such time as he is sentenced, and failure to abide by any term of the Plea Agreement is a violation of the Plea Agreement. Defendant further understands that in the event he violates this Plea Agreement, the government, at its option, may move to vacate the Plea Agreement, rendering it null and void, and thereafter prosecute defendant not subject to any of the limits set forth in this Plea Agreement, or may require defendant's specific performance of this Plea Agreement.

24.     Defendant and his attorney acknowledge that no threats have been made to cause defendant to plead guilty.

12

25. No promises, agreements, or conditions have been entered into other than those set forth in this Plea Agreement, and none will be entered into unless memorialized in writing and signed by all of the parties listed below.

26. <u>Defendant's Signature:</u> I hereby agree that I have consulted with my attorney and fully understand all rights with respect to the pending indictment. Further, I fully understand all rights with respect to the provisions of the Sentencing Guidelines that may apply in my case. I have read this Plea Agreement and carefully reviewed every part of it with my attorney. I understand this Plea Agreement, and I voluntarily agree to it.

Date: 5/2/11

Kenneth B. Smith
Defendant

27. <u>Defense Counsel Signature:</u> I am counsel for defendant in this case. I have fully explained to defendant his rights with respect to the pending indictment. Further, I have reviewed the provisions of the Sentencing Guidelines and Policy Statements, and I have fully explained to defendant the provisions of those guidelines that may apply in this case. I have reviewed carefully every part of this Plea Agreement with defendant. To my knowledge, defendant's decision to enter into this Plea Agreement is an informed and voluntary one.

Date: 5/2/11

Dumaka Shabazz

Respectfully submitted,

Jerry E. Martin
United States Attorney

By: *S. Carran Daughtrey*
S. Carran Daughtrey
Assistant U.S. Attorney

*John Webb*
John Webb
Deputy Chief

14